### Lillie May DeBERRY, Appellant,

### v.

### FIRST GOVERNMENT MORTGAGE AND INVESTORS CORPORATION, Appellee.

### No. 97–7211.

United States Court of Appeals, District of Columbia Circuit.

Argued Dec. 11, 1998.

Decided Aug. 1, 2000.

Mark L. Hessel argued the cause for appellant. With him on the briefs was Mark L. Leemon.

Nathan I. Finkelstein argued the cause for appellee. With him on the brief was Laurie B. Horvitz.

Before: WALD,* TATEL and GARLAND, Circuit Judges.

Opinion for the Court filed PER CURIAM.

PER CURIAM:

The facts of this case are set out fully in *DeBerry v. First Gov't Mortgage & Inves-*

---

* Former Circuit Judge Wald was a member of the panel at the time of oral argument, but

*tors Corp.,* 170 F.3d 1105 (D.C.Cir.1999). As relevant here, appellant Lillie May DeBerry brought an action alleging that appellee First Government had violated the District of Columbia Consumer Protection Procedures Act, D.C.Code § 28–3904(r), by financing and refinancing her home with four mortgage loans containing unconscionable terms and conditions. The district court dismissed DeBerry's claims relating to loans made in 1991 and 1992, finding them barred by the statute of limitations. The district court also granted summary judgment to appellee First Government with respect to DeBerry's other CPPA claims solely on the ground that the CPPA does not apply to real estate mortgage finance transactions.

In *DeBerry,* this court certified to the District of Columbia Court of Appeals the question whether D.C.Code§ 28–3904(r) applies to real estate mortgage finance transactions. *See id.* at 1110. This court also held that assuming the CPPA does apply to such transactions, the district court erred in dismissing DeBerry's claims relating to the 1991 and 1992 loans before discovery could be conducted. *See id.* at 1110–11.

On December 30, 1999, the D.C. Court of Appeals answered the certified question, holding that section 28–3904(r) of the CPPA does apply to real estate mortgage finance transactions. *DeBerry v. First Gov't Mortgage & Investors Corp.,* 743 A.2d 699, 703 (D.C.1999), *reh'g en banc denied* (May 16, 2000). Accordingly, DeBerry's CPPA claims relating to loans made in 1991 and 1992 are reinstated and the district court's grant of summary judgment to First Government on all of DeBerry's other CPPA claims is reversed.

*So ordered.*

did not participate in this decision.